# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN L. MCGEE,**
**Claimant Below, Petitioner**

**FILED**
November 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0277** (BOR Appeal No. 2046359)
(Claim No. 2003000044)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner John L. McGee, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 2, 2012, in which the Board affirmed a August 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 1, 2009, Order granting Mr. McGee a 0% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McGee was employed as a coal miner for thirty years working for Consolidation Coal Company. Mr. McGee filed a workers' compensation claim that was held compensable for occupational asthma. The claims administrator relied on the Occupational Pneumoconiosis Board's findings that Mr. McGee had no impairment attributable to his employment and granted him a 0% permanent partial disability award.

The Office of Judges concluded that Mr. McGee has no pulmonary impairment attributable to his employment and no impairment due to occupational asthma, and therefore, he

1

is not entitled to a permanent partial disability award. Mr. McGee disagrees and asserts that his claim was held compensable for occupational asthma and that based on the report of Dr. Saludes, he is entitled to a 5% permanent partial disability award. Consolidation Coal Company argues that Mr. McGee has failed to adequately refute the findings of the Occupational Pneumoconiosis Board, which found no impairment attributable to his employment. Dr. Early, who treated Mr. McGee from 2003 through 2006, concluded that he suffered from chronic obstructive pulmonary disease, heart disease, and black lung. On April 13, 2004, Dr. Jin reported that she found no evidence that Mr. McGee had asthma. On July 6, 2004, Dr. Bellotte diagnosed Mr. McGee with asthma. On April 8, 2009, Dr. Saludes diagnosed Mr. McGee with coal workers' pneumoconiosis and chemical induced occupational asthma. On June 15, 2011, the physicians of the Occupational Pneumoconiosis Board testified that Mr. McGee had cardiomyopathy that was not caused by his occupation. The Occupational Pneumoconiosis Board found no evidence of pulmonary function impairment attributable to Mr. McGee's employment and recommended that no permanent partial disability award be granted.

The Office of Judges noted that the Occupation Pneumoconiosis Board found that Mr. McGee did not have any impairment attributable to his employment based on the reliable studies in the record. The Office of Judges found that the Occupational Pneumoconiosis Board observed normal pulmonary function studies on August 13, 2007, at East Ohio Regional Hospital. It further found that the studies performed for the Occupational Pneumoconiosis Board showed that on August 11, 2009, Mr. McGee's blood gas studies were normal. The Office of Judges held that Mr. McGee had no pulmonary impairment attributable to his employment and that he was not entitled to a permanent partial disability award. The Board of Review reached the same reasoned conclusions in its decision of February 2, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II